IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


STATE FARM FIRE AND CASUALTY
COMPANY and STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY                                         PLAINTIFFS

V.                                                                   NO. 3:08CV11-M

JIM HOOD, IN HIS OFFICIAL CAPACITY
AS ATTORNEY GENERAL OF THE STATE OF
MISSISSIPPI                                                          DEFENDANT


*Alias Proceeding To:*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

STATE FARM FIRE AND CASUALTY
COMPANY and STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY                                         PLAINTIFFS

V.                                                                   NO. 2:07CV188-DCB-MTP

JIM HOOD, IN HIS OFFICIAL CAPACITY
AS ATTORNEY GENERAL OF THE STATE OF
MISSISSIPPI                                                          DEFENDANT


## ORDER

This cause comes before the court on the separate motions of the parties in the above consolidated actions, alternately seeking to compel or prevent the deposition of Richard Scruggs. This deposition was originally scheduled to be held in Oxford at 9 a.m. on Friday, February 1, 2008 but was postponed by order of this court so that a hearing could be held on this issue.

Having now heard the parties' oral arguments, the court is prepared to rule.

In considering the parties' respective motions, the court would emphasize that the sole issue before it is whether Scruggs's deposition should take place. Scruggs's deposition is sought by State Farm as part of a lawsuit between it and Mississippi Attorney General Jim Hood which is pending in the Southern District before District Judge David Bramlette and Magistrate Judge Michael T. Parker. *See State Farm Fire and Casualty Company et al v. Hood*, No. 2:07cv188 (S.D. Miss). The fact that this deposition is sought to be taken in Oxford is the sole reason why the case is presently before this court, which otherwise has no role in this case. State Farm first disclosed its intention to take Scruggs's deposition in a January 24, 2008 notice, and, on that same date, Judge Parker issued an order granting State Farm's *ore tenus* motion to take Scruggs's deposition.

State Farm seeks to introduce Scruggs's deposition testimony (or more likely, his refusal to provide such testimony) in a preliminary injunction hearing scheduled before Judge Bramlette on February 6, 2008. On January 29, 2008, counsel for Hood wrote a letter to Judge Parker in which he requested a telephonic conference in order to prevent Scruggs's deposition from going forward. Counsel for State Farm responded that Scruggs's proper recourse for seeking to prevent his deposition was to file an alias proceeding seeking same in the Northern District of Mississippi. On January 30, 2008, State Farm and Scruggs each filed emergency motions before this court alternatively seeking to compel and prevent his deposition.

The court would initially note that it is strongly disinclined to issue any rulings which might constrain Judge Bramlette's ability to decide the jurisdictional and substantive merits of this case. Judge Bramlette has far greater familiarity with the instant case than this court, and

2

this court's sole role relates, to reiterate, to a single deposition. In his motion, Scruggs invites this court to conclude that his deposition should be quashed because federal jurisdiction is lacking pursuant to the *Younger* abstention doctrine. Judge Bramlette has not abstained from hearing the instant case,[1] however, and this court will not pre-empt his consideration of these issues by concluding, on its own motion, that abstention is proper under *Younger*.

The court would also take this opportunity to note the limited nature of State Farm's motion, which seeks only Scruggs's *appearance* at his deposition. All parties appear to anticipate that, if his deposition is permitted to go forward, Scruggs will exercise his Fifth Amendment privilege against self-incrimination. State Farm is not seeking to obtain an order compelling Scruggs to provide actual testimony in his deposition; to the contrary, it appears content to allow Scruggs to assert his Fifth Amendment privilege. It seems clear that State Farm will then seek to utilize Fifth Circuit authority which permits, in certain circumstances, a negative inference to be drawn against a civil litigant based upon the fact that a non-party has exercised his Fifth Amendment privilege. *F.D.I.C. v. Fidelity & Deposit Co. of Maryland*, 45 F.3d 969, 977 (5th Cir. 1995).

Given the limited nature of State Farm's motion, the court will permit Scruggs's deposition to go forward, and he may exercise his Fifth Amendment privilege if he so chooses. Judge Bramlette is the appropriate judge to determine the weight, if any, to be given to this fact. Indeed, it is unclear to this court what prejudice might be suffered by Scruggs and/or Hood in this regard which might not subsequently be cured by Judge Bramlette at the February 6 hearing. On

---

[1] Scruggs notes that Judge Bramlette has expressed concerns that abstention might be warranted under *Younger*, but he has not abstained from hearing the case at this juncture.

the other hand, quashing Scruggs's deposition at this point would arguably preclude State Farm from even raising this issue before Judge Bramlette. Hood submits that a stipulation that Scruggs would exercise his Fifth Amendment privilege would suffice to establish a record in this regard, but this is not necessarily true. Indeed, State Farm has submitted authority which suggests that blanket invocations of privilege may not be sufficiently specific to permit any negative inference to be drawn therefrom in subsequent civil proceedings.[2]

This court need not determine the legal implications of any exercise of the Fifth Amendment privilege by Scruggs. This court does conclude, however, that permitting Scruggs's deposition to go forward will best preserve Judge Bramlette's ability to make an informed decision on these issues by establishing a complete record for his review. The court therefore orders that Scruggs submit to deposition under seal by State Farm at some point prior to 5 p.m. on Monday, February 4, 2008. The transcript of this deposition shall be kept under seal, to be opened and/or made public only at the direction of Judge Bramlette.

SO ORDERED this 1st day of February, 2008.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

---

[2]*See, e.g. U.S. v. Gomez-Rojas*, 507 F.2d 1213, 1219-20 (5th Cir. 1975)(noting that "a simple blanket declaration by the witness that he cannot testify for fear of self-incrimination will not suffice to invoke the privilege . . . the mechanism of the Fifth Amendment is not automatic or self-winding.")

4